UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TEASHA HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19 CV 94 RWS |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Teasha Hughes brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of the Commissioner's decision denying her application for

disability insurance benefits.  Because the Commissioner's decision is supported

by substantial evidence on the record as a whole, I will affirm the Commissioner's

decision.

## I.      Procedural History

Hughes alleges she became disabled as of October 25, 2015.  On July 25,

2016, she applied for disability insurance benefits under Title II of the Social

Security Act, 42 U.S.C. §§ 401 et seq.  The Commissioner denied Hughes's

application on November 9, 2016.  Tr. at 71-75.

Hughes requested a hearing before an Administrative Law Judge, which took place on April 24, 2018.  On August 17, 2018, the ALJ issued a decision denying benefits.  On April 13, 2019, the Appeals Council denied Hughes's request for review.  The ALJ's decision is thus the final decision of the Commissioner.  42 U.S.C. § 405(g).

In this action for judicial review, Hughes contends that the ALJ's residual functioning capacity (RFC) assessment was not supported by substantial evidence, because the ALJ improperly weighed the consultative examinations and ignored evidence of Hughes's panic and anxiety attacks.  She asks me to reverse the Commissioner's final decision and remand the matter for an award of benefits or further development of the record.

## II.    Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt Hughes's recitation of facts set forth in her Statement of Material Facts [ECF Doc No. 19-1] insofar as they are admitted by the Commissioner [ECF Doc No. 22-1]. I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts [ECF Doc No. 22-1, pp. 8-10], because Hughes does not refute them.  Together, these statements provide a fair and accurate description of the relevant record before me.  I will discuss additional facts as needed to address the parties' arguments.

## III.   Legal Standards

To be entitled to disability benefits, a claimant must prove that she is unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months.  42 U.S.C. §§ 423(a)(1)(D), (d)(1)(a).  To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps.  20. C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three require that the claimant prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment.  20 C.F.R. § 404.1520(a)(4)(i)-(iii).  If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five.  Step four requires the Commissioner to consider whether the claimant retains the RFC to perform her past relevant work (PRW).  Id. at § 404.1520(a)(4)(iv).  The claimant bears the burden of demonstrating she is no longer able to return to her PRW.  Pate-Fires, 564 F.3d at 942.  If the Commissioner determines the claimant cannot return to her PRW, the burden shifts to the Commissioner at step five to

show the claimant retains the RFC to perform other jobs that exist in significant numbers in the national economy.  Id.; 20 C.F.R. § 404.1520(a)(4)(v).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole.  Pate-Fires, 564 F.3d at 942.  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Id.  In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision.  Id.  As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently.  See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011).  I must "defer heavily to the findings and conclusions of the Social Security Administration."  Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## IV.   ALJ's Decision

In her written decision, the ALJ found that Hughes did not engage in substantial gainful activity from her alleged onset date of October 26, 2015 through her date last insured of June 30, 2017.  The ALJ also found that Hughes had the

4

severe impairments of anxiety disorder and depressive disorder but that they did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at 13-15.

The ALJ ultimately determined that during her insured period, Hughes had the RFC to perform a full range of work at all exertional levels involving simple, routine tasks (but not in a fast paced, production environment), as long as there were only occasional changes in the work setting and occasional interaction with co-workers and the public.  Tr. at 16.  Hughes was unable to perform any past relevant work, but there remained jobs in significant numbers in the national economy that she could perform.  Tr. at 20.  As a result, the ALJ found that Hughes was not disabled from her alleged onset date through her date last insured.  Tr. at 21.

## V.  Discussion

Hughes contends that the ALJ's RFC determination is not supported by substantial evidence, because the ALJ improperly weighed opinion evidence and gave no consideration to Hughes's panic and anxiety attacks.  Hughes mischaracterizes the ALJ's opinion on both grounds.

### a.  Opinion Evidence

The ALJ's opinion discusses mental health opinion evidence from three sources: Jerry Cunningham, Psy.D (consultative examiner), Barbara Markway,

Ph.D (non-examining consultant), and James Womack, MSW, LCSW (Hughes's therapist). The ALJ gave great weight to the opinions of Drs. Markway and Cunningham, because they were "generally consistent with the evidence." Tr. at 18, 19. The ALJ gave little weight to Mr. Womack's opinion, because it was not consistent with the record as a whole. Tr. at 19.

Hughes argues the ALJ erred when granting significant weight to the opinions of Drs. Markway and Cunningham. Hughes suggests that the ALJ's opinion and resulting RFC determination were entirely based on the two consulting opinions. She also contends that Dr. Markway's opinion is inconsistent with the treatment provider notes in the record.

"The results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base [her] decision." Cox v. Barnhart, 345 F.3d 606, 610 (8th Cir. 2003). However, an ALJ does not err in considering the opinion of a state agency medical consultant along with the medical evidence from the record as a whole. See Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007). Here, the ALJ considered Dr. Markway's opinion along with evidence from the record, including notes from Dr. Cunningham's consultative examination, Hughes's prior medical procedures, and portions of mental status examinations administered by Mr. Womack. Tr. at 18. Dr. Markway opined that Hughes has a mild restriction in activities of daily living; moderate difficulties in maintaining

social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation.  Tr. at 18.  Having reviewed the record as a whole, I conclude that substantial evidence supports the ALJ's determination that Dr. Markway's opinion was consistent with the other evidence in the record.  It is true that Womack frequently noted that Hughes was hyperactive, agitated, and that her affect was depressed, anxious, angry, and flat. (Tr. at 586-629).  However, he also often assessed Hughes's mental status attributes as good or within normal limits.  In addition, Womack and other of Hughes's treatment providers recommended conservative measures to manage her anxiety and depression, including medication, breathing exercises, and staying busy.  (Tr. at 479, 587, 593).

Hughes, citing Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995), argues that the ALJ should not have relied so heavily on Dr. Markway's opinion.  She argues that Dr. Markway's opinion is based on Dr. Cunningham's consultative report and that Mr. Womack produced subsequent medical records that are inconsistent with the evidence on which Drs. Markway and Cunningham relied. However, the medical evidence from the record does not demonstrate that Hughes's condition deteriorated after Dr. Markway rendered her opinion.  Dr. Markway's opinions about the severity of Hughes's functional limitations are inconsistent with Mr. Womack's, but Mr. Womack's own treatment notes

undermine his opinions.  He opined that Hughes had marked to extreme limitations in all categories he evaluated, including Hughes's ability to adapt or manage herself and interact with others.  Tr. at 517-520.  The ALJ thoroughly considered Womack's treatment notes and determined they do not support such severe restrictions. Tr. at 18, 19 (citing Womack's treatment notes and mental status exam results).  For example, on multiple occasions, Womack noted that Hughes had a cooperative attitude, logical thought characteristics, and normal recent and remote memory.  Tr. at 586, 590, 596.  Substantial evidence supported the weight the ALJ granted to each of the three opinions she received.

**b.  Evidence of Panic and Anxiety Attacks**

Hughes argues the ALJ erred by giving no consideration to Hughes's panic and anxiety attacks.  The ALJ's opinion undermines this argument.  The ALJ found that Hughes had anxiety disorder and depressive disorder through the date last insured, but that Hughes's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence of record.  Tr. at 13, 17.  The ALJ discussed specific evidence of the record that formed the basis for her conclusion.  Tr. at 17, 18; see Soc. Sec. Ruling 16-3p (S.S.A. Oct. 25, 2017) ("We may or may not find an individual's symptoms and related limitations consistent with the evidence in his or her record. We will explain which of an individual's symptoms we found consistent or inconsistent

8

with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."); c.f. also Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990) ("If there is inconsistency in the record as a whole, the ALJ may disbelieve subjective testimony . . .").

The resulting RFC incorporates the ALJ's finding of anxiety disorder and depressive disorder, placing limits on the speed of Hughes's workplace environment, types of tasks, and changes in the work setting. Tr. at 15, 19.  While Hughes cites other evidence from the record that may support more restrictive limitations than the ALJ determined were necessary, I "may not reverse [the ALJ's conclusion] merely because substantial evidence would support a contrary outcome." Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011) (citing Dolph v. Barnhart, 308 F.3d 876, 877 (8th Cir. 2002).

## VI.   Conclusion

When reviewing an adverse decision by the Commissioner, my task is to determine whether the decision is supported by substantial evidence on the record as a whole. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001).  For the reasons set out above, substantial evidence supported the ALJ's determination that Hughes was not disabled from the alleged date of disability through her last date of insurance.  I will therefore affirm the decision of the Commissioner.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2020.